1999 OK CR 35

**Steven Lee HAGAR, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

No. C–98–1165.

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1999.

896

Brad Carter, Seminole, Counsel for Petitioner (Plea Hearing) in District Court.

Mark Phelps, Seminole, Counsel for Petitioner (Termination Hearing) in District Court.

Mark Phelps, Brad Carter, Seminole, Counsel for Petitioner (Motion to Withdraw Hearing) in District Court.

William Peterson, District Attorney, Paul B. Smith, Assistant District Attorney, Wewoka, Counsel for the State in District Court.

Appearance on Appeal.

Danny G. Lohmann, Norman, Counsel for Petitioner on appeal.

LUMPKIN, Vice–Presiding Judge:

¶1 Petitioner Steven Lee Hagar was charged with Unlawful Possession of a Controlled Drug (Count I) (63 O.S.Supp.1995, § 2–402(B)) and Carrying a Concealed Weapon (Count II) (21 O.S.1991, § 1289.8), Case No. CF–97–223, in the District Court of Seminole County. On November 14, 1997, Petitioner entered a guilty plea to Count I before the Honorable Joseph Wrigley, Special Judge. Count II was dismissed. Pursuant to a plea agreement, Petitioner was ordered to attend the Drug Court Program. Sentencing was delayed until the completion of, or termination from, the Drug Court Program.

¶2 On August 28, 1998, a Drug Court termination hearing was held before the Honorable Jerry Colclazier, District Judge, serving as judge of the 22nd Judicial District Drug Court Program. At the conclusion of this hearing, Petitioner's participation in the Drug Court Program was terminated for noncompliance and he was sentenced to ten (10) years imprisonment. On September 4, 1998, Petitioner filed an Application to Withdraw Guilty Plea. A hearing on the motion was held on October 5, 1998, before Judge Colclazier. At the conclusion of the hearing, Petitioner's motion to withdraw was denied. It is that denial which is the subject of this appeal. Petitioner raises the following propositions of error in support of his appeal.

I. Petitioner's guilty plea was invalid because the trial court failed to establish an adequate factual basis for the plea.

II. Reversible error occurred when the trial court accepted Petitioner's plea without informing him of the elements of each offense charged.

III. Petitioner was denied his right to due process when he was not given an opportunity to appeal from the revocation from Drug Court.

IV. At the hearing revoking Petitioner from participation in the Drug Court program, Petitioner was denied his right to confront the witnesses against him.

V. The sentence imposed against Petitioner is excessive and should be modified.

¶3 After a thorough consideration of these propositions and the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we find the writ of certiorari must be granted and the matter remanded for further proceedings not inconsistent with this opinion.

¶4 When evaluating the validity of a guilty plea, we are concerned only with whether or not the plea was entered voluntarily and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In *Ocampo v. State*, 778 P.2d 920 (Okl.Cr.1989), we held the requirements set forth in *King v. State*, 553 P.2d 529 (Okl.Cr. 1976), are to be used as a guideline "in establishing the totality of the circumstances surrounding the guilty plea which will provide a proper record to determine its validity." *Ocampo*, 778 P.2d at 923. This includes the requirement that the trial court must obtain a factual basis for the plea. In determining the accuracy of a plea of guilty, the court may require the defendant to make a detailed statement in the defendant's own words concerning the commission of the of-

fense to which the defendant is pleading. *Zakszewski v. State,* 739 P.2d 544, 545 (Okl. Cr.1987). A trial court may look to sources other than the defendant to obtain a factual basis for accepting a plea. *See Wester v. State,* 764 P.2d 884, 887 (Okl.Cr.1988) (Opinion on Rehearing). The factual basis of the plea must be sufficient to provide a means by which the judge can test whether the plea is being entered intelligently. *North Carolina v. Alford,* 400 U.S. 25, 37–38, 91 S.Ct. 160, 167–68, 27 L.Ed.2d 162, 171–72 (1970).

¶ 5 In the present case, the factual basis given was sufficient. The court asked Petitioner if he understood he was charged with possession of a controlled dangerous substance, to which Petitioner responded in the affirmative. The court did not review the elements of the offense. The court summarily concluded "based on paragraph twenty-four, the Court finds a factual basis does exist and the defendant's plea of guilty is accepted." (Tr. Plea Hrg, pg. 5). In paragraph twenty-four of the Summary of Facts/ Guilty Plea Form, it is written, "I was in possession of CDS (meth)." (O.R.31.) Petitioner's signature follows. (O.R.31.) Looking to the remainder of the record, we note Petitioner waived his right to preliminary hearing.

¶ 6 Petitioner indicated he understood the charges against him and the possible range of punishment and the plea of guilty/summary of facts form was prepared by Petitioner and counsel. We find the trial court correctly found there was a factual basis for the plea of guilty. Accordingly, we find Petitioner's requested relief in Propositions I and II is denied.

¶ 7 In Propositions III and IV this Court addresses for the first time 22 O.S.Supp. 1998, § 471 *et. seq.,* the Oklahoma Drug Court Act (hereinafter "Act"). This Act authorizes creation of a drug court program in each district court of the State. A drug court program is a type of diversionary sentence, "an immediate and highly structured judicial intervention process for substance abuse treatment of eligible offenders which expedites the criminal case, and requires successful completion of the plea agreement in lieu of incarceration." 22 O.S.Supp.1998,

§ 471.7(A). In addition to authorizing drug court programs, the Act sets forth the eligibility requirements for an offender's participation, procedures to be used in admitting an offender to the program, duration of participation in the program, monitoring of treatment progress, and the consequences of both successful and unsuccessful completion of a drug court program.

¶ 8 Under Section 471.7, the drug court judge shall "set a date for a hearing to review the offender, the treatment plan, and the provisions of the performance contract. Notice shall be given to the offender and the other parties participating in the drug court case three (3) days before the hearing may be held." 22 O.S.Supp.1998, § 471.7(B). The judge is to "recognize relapses and restarts in the program which are considered to be part of the rehabilitation and recovery process, . . ." 22 O.S.Supp.1998, § 471.7(E). Additionally, the judge:

shall accomplish monitoring and offender accountability by ordering progressively increasing sanctions or providing incentives, rather than removing the offender from the program when relapse occurs, except when the offender's conduct requires revocation from the program. Any revocation from the drug court program shall require notice to the offender and other participating parties in the case and a revocation hearing. At the revocation hearing, if the offender is found to have violated the conditions of the plea agreement or performance contract and disciplinary sanctions have been insufficient to gain compliance, the offender shall be revoked from the program and sentenced for the offense as provided in the plea agreement.

22 O.S.Supp.1998, § 471.7(E). Further, "[n]othing in this provision shall be construed to limit the authority of the judge to remove an offender from the program and impose the required punishment stated in the plea agreement after application, notice, and hearing." 22 O.S.Supp.1998, § 471.7(G).

¶ 9 The right to appeal the decision to terminate or revoke an offender from a drug court program is not specifically set

forth in the statute. It is this omission which forms the basis of Petitioner's third proposition of error. In the present case, Petitioner entered his plea, the plea was accepted and his sentencing was deferred pending his completion of or termination from the Drug Court Program. When Petitioner failed to complete the Drug Court Program, he was terminated or revoked from the program, and ordered to serve his previously negotiated sentence. This case is comparable to the situation wherein a defendant's sentence is deferred pending the successful completion of certain terms of probation. If the terms are successfully completed, the conviction is erased from the record. If the terms are not successfully completed, a judgment of guilt is entered and the defendant is sentenced. 22 O.S.1991, § 991c.

¶ 10 This case is further analogous to the acceleration of a deferred sentence in that at an acceleration hearing, the court only makes a factual determination involving the existence of a violation of the terms of the deferred sentence. The consequence of the judicial determination that any conditions of the deferred judgment have been violated is to enter judgment and impose sentence. *See Kern v. State,* 521 P.2d 412, 415 (Okl.Cr.1974); *Gill v. State,* 521 P.2d 407, 408 (Okl.Cr.1974). Violations of conditions of a deferred sentence need only be shown by a "preponderance" of the evidence. *See Robinson v. State,* 809 P.2d 1320, 1322 (Okl.Cr.1991).[1] The decision to accelerate a deferred sentence lies within the discretion of the trial court. *Gill v. State,* 521 P.2d at 408.

¶ 11 In revoking or terminating a defendant from a drug court program, the court makes a factual determination involving the existence of a violation of the terms of the plea agreement or performance contract and whether disciplinary sanctions have been insufficient to gain compliance. 22 O.S.Supp.1998, § 471.7(E). The consequence

of the judicial revocation or termination from Drug Court is to impose the sentence previously negotiated in the plea agreement. Violations of the terms of the plea agreement or performance contract need only be shown by a "preponderance" of the evidence.[2] The decision to revoke or terminate from Drug Court lies within the discretion of the Drug Court judge. 22 O.S.Supp.1998, § 471.7(G).

¶ 12 Having compared the interests and procedures involved in the acceleration of a deferred sentence and the termination from a drug court program, the procedures involved in both processes are similar. Further, as the acceleration of a deferred sentence subjects a criminal defendant to a loss of liberty, so too does the revocation or termination from a drug court program. Therefore, as a defendant has the right to appeal to this Court from a decision to accelerate his deferred sentence, *Kern v. State,* 521 P.2d at 415; *Gill v. State,* 521 P.2d at 408, we find a defendant has the right to appeal to this Court from a decision to revoke or terminate participation in a Drug Court program. The procedure to be followed on appeal is that for an appeal of a deferred judgment and sentence set out in Rule 1.2(D)(5), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (1998).

¶ 13 In the present case, errors in Petitioner's termination from the Drug Court Program require remand to the District Court. Upon remand, if the State elects to again seek termination of Petitioner from the Drug Court Program, the prosecutor has twenty (20) days in which to file an application so stating, with a copy to this Court. Pursuant to statute, notice shall be given to the offender and the other parties participating in the Drug Court case at least three (3) days before the hearing may be held. 22 O.S.Supp.1998, § 471.7(B).

¶ 14 In order to meet the requirements of due process, the written notice

---

1. Although *Robinson* concerns the revocation of a suspended sentence, not a deferred sentence, the analysis used in *Robinson* applies in the present case.

2. While the Act does not specifically set out the burden of proof, the preponderance of the evi-

dence standard is consistent with the standard applied in cases concerning the revocation of a suspended sentence or acceleration of a deferred sentence. *See Robinson v. State,* 809 P.2d 1320, 1322(Okl.Cr.1991); *Fleming v. State,* 760 P.2d 206, 207 (Okl.Cr.1988); *Lewis v. State,* 739 P.2d 534, 535 (Okl.Cr.1987).

must set forth the reasons for termination with such clarity that the defense is able to determine what reason is being submitted as grounds for revocation/termination, enabling preparation of a defense to the allegation. *See Lennox v. State*, 674 P.2d 1146, 1148–49 (Okl.Cr.1984). The record currently before this Court contains no written notice of an application to terminate/revoke Petitioner from the Drug Court Program. The omission of such a notice violates the statute and the requirements of due process and would cause a reversal of this case on appeal.

¶ 15 Further, the statute requires the judge at the revocation/termination hearing to "recognize relapses and restarts in the program which are considered to be part of the rehabilitation and recovery process", and "shall . . . order progressively increasing sanctions or providing incentives, rather than removing the offender from the program when relapse occurs, except when the offender's conduct requires revocation from the program." 22 O.S.Supp.1998, § 471.7(E). In order to meet the requirements of due process, the judge shall state on the record the reasons for the revocation/termination. *See McCaskey v. State*, 781 P.2d 836, 837 (Okl.Cr.1989). This is to include the conditions violated and reasons why disciplinary sanctions have been insufficient or are not appropriate.

¶ 16 In the record before this Court, the judge set forth his reasons for terminating Petitioner from the Drug Court Program, however, there is no indication, either in the record or the judge's statement that progressively increasing sanctions were considered or deemed not applicable due to the offender's conduct prior to the decision to terminate.

¶ 17 Therefore, if the State proceeds with an application to terminate Petitioner from the Drug Court Program, and the application is granted, within twenty (20) days of the revocation/termination hearing, the court reporter is to prepare the transcript; whereupon the District Court clerk shall promptly prepare an amended record and file the notice of completion of record with the Clerk of this Court. Petitioner shall have twenty (20) days from the date of the Notice to Transmit Record to file an amended brief as to issues related solely to the revocation/termination hearing. The State shall have twenty (20) days from the filing of Petitioner's amended brief in which to respond.

¶ 18 If the State's application to terminate is denied by the Drug Court Judge, Petitioner shall so notify this Court within twenty (20) days of the Drug Court's final order so that this appeal may be appropriately concluded.

¶ 19 If the State elects not to seek Petitioner's termination from the Drug Court Program, the prosecution is to give notice to this Court, within twenty (20) days of the date of this opinion, stating that an application to revoke/terminate Petitioner from Drug Court will not be filed. Such a notice will be the basis for this Court to vacate the Judgment and Sentence in this case and remand the case for completion of the Drug Court treatment plan.

¶ 20 In Proposition IV, Petitioner asserts that he was denied his right of confrontation at the hearing to terminate his participation in the Drug Court Program as hearsay was admitted in the form of testimony by the Drug Court Administrator. Robert Richards, Administrator of the 22nd Judicial District Drug Court, testified that as part of his duties as Drug Court Administrator, he kept a file on Petitioner which reflected Petitioner's cooperation, attendance, successes and failures in the Drug Court Program. He stated that such a file was part of the records kept during the ordinary course of his duties as Drug Court Administrator. Mr. Richards then testified, based upon the contents of the file, to Petitioner's progress in the Drug Court Program. Defense counsel's objections on the grounds of hearsay were overruled. We find the contents of the file properly admitted under 12 O.S.1991, § 2803(8).

¶ 21 Petitioner's final proposition of error, an argument that his sentence is excessive, is rendered moot at this time.

¶ 22 Accordingly, the petition for certiorari is granted, the order of the District Court denying Petitioner's application to withdraw plea of guilty is AFFIRMED, and

the case is REMANDED to the District Court for proceedings not inconsistent with this opinion.

STRUBHAR, P.J., JOHNSON, J., and LILE, J., concur.

CHAPEL, J., concurs in results.

