2002 OK CR 27

**Reggie Neal LOONEY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. RE–2002–242.**

Court of Criminal Appeals of Oklahoma.

June 24, 2002.

### ORDER DIRECTING CONSOLIDATION OF RECORDS, DENYING REQUEST TO SUPPLEMENT APPEAL RECORD AND DIRECTING COUNSEL TO CLARIFY NATURE OF APPEAL

¶1 On April 28, 2000, Appellant, represented by counsel, entered a guilty plea to the charge of Unlawful Possession of a Precursor Substance with no Attached Permit, after Former Conviction of Two or More Felonies, in Case No. CF–2000–61, in the District Court of Garvin County. Appellant was sentenced to ten (10) years, with imposition of the sentence being delayed pending Appellant's successful completion of a Drug Court Program.

¶2 Garvin County participates in the Drug Court Program of the 21st Judicial District, which is located in McClain County. On April 28, 2000, Appellant was admitted to the McClain County Drug Court Program, and assigned Case No. DC–00–8. On January 18, 2002, Appellant was terminated from the Drug Court Program in McClain County, and on January 28, 2002, he was sentenced to ten (10) years incarceration in Garvin County Case No. CF–2000–61.

¶3 On February 7, 2002, a Notice of Intent to Appeal was filed with this Court by Appellant's trial counsel, Billy D. Vandever. The Notice states that Appellant was convicted in Case No. CF–2000–61, was sentenced to ten

(10) years, and he now intends to appeal that conviction. The Designation of Record attached to Appellant's Notice of Intent to Appeal designates for inclusion in the appeal record, among other items, the McClain County Drug Court Performance Contract and the Order Terminating Defendant [Appellant] from Drug Court.

¶ 4 On February 27, 2002, appellate counsel, Danny Lohmann, filed a Drug Court Termination Petition in Error, and a Supplemental Designation of Record. The Petition in Error stated that Appellant was appealing from his Drug Court termination, and requested relief in the form of reversal of the Drug Court termination order. Attached to the Petition in Error is a copy of the Judgment and Sentence entered in Case No. CF–2000–61. The Supplemental Designation of Record requests preparation of the entire District Court file in Case No. CF–2000–61 from the District Court of Garvin County.

¶ 5 On March 18, 2002, Appellant filed an Application for this Court to Issue Instructions on How the Record Should be Completed, and tendered for filing a Motion to Supplement the Record on Appeal, and Brief in Support. The Application for Instructions states the facts of Appellant's cases as set forth above. Counsel states in his application "It appears from the review of the documents Appellate Defense Counsel has received is (sic) that this case is a(sic) an appeal from a Garvin County conviction resulting from a Drug Court Termination in McClain County." Counsel states the Designation of Record filed on February 7, 2002, designated certain items found only in the Drug Court case file, specifically, the Drug Court performance contract and the order terminating Appellant from Drug Court. These items are not part of the Garvin County Case file. Appellant stated that he obtained certified copies of the documents from the McClain County Drug Court file and requested permission from the Garvin County Clerk to file those documents of record in the Garvin County Case file. Appellant was advised that filing of those documents in the

Garvin County Case file would not be possible.

¶ 6 In response to this information, Appellant tendered for filing with this Court his Motion to Supplement the Appeal Record, requesting this Court direct the Court Clerk of Garvin County to supplement Appellant's appeal record with the certified documents from the McClain County Drug Court file. Appellant cites to this Court's Rule 3.11(B)(1), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2002) in support of this motion.

¶ 7 Finally, Appellant alleges that with the proliferation of Drug Court cases, where various judicial districts designate one county in the district to sponsor the Drug Court program for the entire county, "problems with compiling records for appeals of Drug Court terminations are certain to occur on a regular basis". Counsel requests this Court issue appropriate instructions to all parties involved on how the record in such cases should be compiled.

¶ 8 On May 1, 2002, the Court Clerk of Garvin County filed a Notice of Non–Completion indicating the record in this appeal could not be completed because "the documents requested from the McClain County Drug Court are not filed in Garvin County Case File.... We do not have access to these records." [1]

■ ¶ 9 The initial charge in this case was filed in Garvin County under Case No. CF–2000–61. Sentencing for this offense was delayed pending Appellant's participation in and completion of Drug Court. As noted by this Court in *Hagar,* Drug Court is a type of diversionary sentence, which expedites the criminal case and requires successful completion of the plea agreement in lieu of incarceration. *Hagar v. State,* 1999 OK CR 35, ¶ 7, 990 P.2d 894; 22 O.S Supp.1998, § 471.7(A). To the extent that a defendant's sentence is delayed pending his participation in Drug Court, these cases are comparable to situations where a defendant receives a deferred sentence. The termination of a defendant from Drug Court is analogous to an

---

1. It appears that the Drug Court performance contract, and the Order terminating Appellant from Drug Court were not made part of the record in Case No. CF–2000–61.

acceleration of a deferred sentence. *Hagar*, 1999 OK CR 35, ¶¶ 9–10, 990 P.2d 894. The consequence of the termination from Drug Court is to impose the sentence negotiated in the plea agreement. *Hagar*, 1999 OK CR 35, ¶ 11, 990 P.2d 894. The procedures and interests involved in both an acceleration of a deferred sentence and termination from Drug Court are similar, and a defendant has a right to appeal his termination from Drug Court just as he has a right to appeal the acceleration of his deferred sentence. *Hagar*, 1999 OK CR 35, ¶ 12, 990 P.2d 894.

¶ 10 In appealing from the acceleration of a deferred sentence, the application to accelerate is filed in the original court case from which the deferred sentence was issued, regardless of where the defendant is actually serving the terms of his probation. There is only one case file, and once the District Court has assumed jurisdiction of that matter, all proceedings relating to that matter are properly filed and resolved as part of the original case.

¶ 11 Likewise, upon requesting that a defendant be terminated from Drug Court, the State's application to terminate should be filed in the original case from which the Drug Court assignment originated. That was not done in this case. The State apparently filed its application to terminate Appellant from Drug Court in McClain County, where the case had been assigned a new number, Case No. DC–00–8, instead of filing the application in Garvin County Case No. CF–2000–61. The termination hearing was conducted as part of the McClain County case file, and an order terminating Appellant from the Drug Court program was issued under that case number. It appears that the documentation and records filed in the Drug Court file were not made part of the original case file.

¶ 12 A reading of the Drug Court statute, as enacted, reveals the basis for the confusion in this matter. The Oklahoma Drug Court Act [Act] authorizes each district court of the State to establish a Drug Court program. 22 O.S.2001, § 471.1(B). It appears that the 21st Judicial District has established such a program, covering several counties, which is currently being administered through McClain County. In several places,

the Act makes reference to the "drug court case file", the "originating criminal case file", "transfer" of a case from the Drug Court docket to the traditional criminal docket, etc. The language implies that there is more than one case file, and therefore more than one case. There is not.

¶ 13 The original court proceeding charging a defendant with a Drug Court qualifying offense is the controlling case for purposes of the administration of a defendant's Drug Court program. Regardless of where the Drug Court portion of a defendant's sentence is being administered or monitored, there is only one original criminal proceeding. All proceedings, exclusive of the actual administration of a defendant's Drug Court program as provided in the Act, are to be processed through the original case file. 22 O.S.2001, § 471.7.

¶ 14 The problem occurred in this case when a second case was filed in McClain County Drug Court, creating a second "original" proceeding. While the Garvin County District Court is required to maintain a separate Drug Court file for purposes of administration of a defendant's program, there is no authority in the Act for filing a separate *original* proceeding when a defendant is admitted to a Drug Court program, even if that program is to be administered by a separate judge of the District Court within another county in the district. 22 O.S.2001 §§ 471.1(E), (H), 471.7(D). The Drug Court judge is assigned to a particular case for purposes of monitoring and administering the program as part of the original criminal proceeding. The Drug Court case is not assigned to the judge for initiation of a new proceeding.

¶ 15 With regard to Appellant's situation, it appears the appeal record problem in this case can be easily resolved. First, there is no original proceeding in McClain County. This case originated in Garvin County. There is no separate McClain County original proceeding, nor should there be a separate McClain County case file. Appellant's Drug Court file in McClain County is simply an administrative file from the originating Garvin County criminal case file, similar to

the file maintained by a probation officer monitoring a defendant who has been given a deferred sentence. With regard to the records maintained in the McClain County file[2], the Act provides that originating criminal case files, filed and processed in the traditional manner, shall be cross-referenced to a Drug Court case file by the court clerk, if the case is subsequently assigned to the Drug Court program. 22 O.S.2001, § 471.1(E). Appellant's original proceeding in Garvin County should have been cross-referenced to reflect that Appellant had been assigned to Drug Court for the district located in McClain County. It appears from the pleadings filed with this Court that no cross-referencing took place.

¶ 16 The Drug Court judge also makes a determination as to what information or pleadings are to be retained in the Drug Court file, which is closed to public inspection. The originating criminal case file remains open to public inspection. 22 O.S. 2001, § 471.1(E). It appears the purpose of this section is to allow the Drug Court judge to protect the confidentiality of the Drug Court participant, while providing an adequate file for continued monitoring, and if necessary, further prosecution, of a defendant's case. At a minimum, upon termination of a defendant from Drug Court, the Notice to Terminate defendant from Drug Court, the Application to Terminate defendant from Drug Court, and the Drug Court judge's order granting the request to terminate the defendant from Drug Court, should all be cross-referenced and made part of the original criminal case file. In addition, the "drug court file" should be returned to the county originating the criminal case file, in this case, Garvin County, because it is the county with jurisdiction over the criminal charges. We also find the Act gives the Drug Court judge sufficient latitude to specify for inclusion in the original case file any other information relevant to the defendant's termination from Drug Court. Consolidation and cross-referencing of the existing files in this case, as provided by statute, constitute the means by which Appellant's record prob-

lem should be resolved. The Drug Court judge is directed to cross-reference and consolidate the records from Appellant's McClain County Drug Court file with his original case filed in Garvin County Case No. CF–2000–61. Consolidation and cross-referencing of the two files makes Appellant's motion to supplement the appeal record **MOOT**, and the same is therefore **DENIED**.

¶ 17 We now address the appeal initiated in this case, and make several observations regarding the filings made in this matter. An appeal from a Drug Court termination is a separate and distinct appeal, to be addressed on its own merits. *See, Hagar v. State*, 1999 OK CR 35, ¶ 12, 990 P.2d 894. The procedure to be followed on appealing from a Drug Court termination is that for an appeal for a deferred judgment and sentence, as set out in Rule 1.2(D)(5), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2002). *Hagar*, 1999 OK CR 35, ¶ 12, 990 P.2d 894. The Notice of Intent to Appeal filed in Appellant's case appears to be an appeal from the imposition of the ten (10) year sentence assessed in Case No. CF–2000–61, which is a separate appealable issue, distinct from the Drug Court Termination.

¶ 18 Although the application filed in this Court's Case No. RE–2002–242 designated the appeal as a revocation/acceleration, the appeal number, the information provided concerning the crime charged, the applicable statute, and the assessed sentence all refer to Case No. CF–2000–61, the case in which Appellant entered a guilty plea. However, it does not appear that an application to withdraw Appellant's guilty plea was filed in the District Court as a predicate to lodging a certiorari appeal. Likewise, the Designation of Record designates the record in Case No. CF–2000–61, listing for inclusion in the appeal record documents contained in Appellant's Drug Court case from McClain County, Case No. DC–00–8. In his application requesting instructions, appellate counsel states that the appeal appears to be from the Garvin County conviction, but the Petition in

---

**2.** 22 O.S.2001 § 471.1(E). The Drug Court judge makes a determination as to what information or pleadings are to be retained in the Drug Court case file, which is closed to public inspection. The originating criminal case file remains open to public inspection.

766

Error filed in this case is for Appellant's Drug Court Termination. It appears that the Petition in Error filed by appellate counsel is in conflict with the Notice of Intent to Appeal filed by trial counsel.

¶ 19 Appellate counsel is directed to advise this Court of the nature of this appeal; whether the appeal is lodged from Appellant's plea of guilty and conviction in Case No. CF–2000–61 from the District Court of Garvin County or from his termination from Drug Court; and to file the appropriate documentation resolving the conflict between the Notice of Intent to Appeal and the Petition in Error as currently filed with this Court. Counsel's response shall be filed within twenty (20) days of the date of this order.

¶ 20 The Clerk of this Court is directed to transmit a copy of this order to counsel of record, the District Court of Garvin County, and the District Court of McClain County.

¶ 21 **IT IS SO ORDERED.**

¶ 22 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 24th day of June, 2002.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge
/s/ Steve Lile
STEVE LILE, Judge