Wyrick, J., dissenting:
¶1 This case turns on whether D.A.'s felony drug possession charges were dismissed as part of a deferred judgment or delayed sentence plea deal. If they were, D.A. must wait a few more years before she seeks expunction of all records related to those charges. If they were not, she can have them expunged now.
¶2 In my view, D.A. must wait. D.A. pleaded guilty to various drug crimes as part of a deferred judgment agreement. After she was caught with drugs a second time and prosecutors moved to accelerate her judgment and sentence, she pleaded guilty and agreed to a 15-year sentence in exchange for an opportunity to complete a drug court program. If she successfully completed the program, her charges would be dismissed, and she would avoid prison. If she failed, judgment and sentence would be entered, and she would be incarcerated. She successfully completed the program, and the charges against her were dismissed pursuant to her guilty plea agreement. Given that her first case was by its own terms a deferred judgment case and her second case has all the hallmarks of a deferred judgment case, D.A. is a person whose charges were dismissed as part of a deferred judgment or delayed sentence agreement. Pursuant to the plain language of the governing statute, 22 O.S.Supp.2016 § 18, she is thus not yet eligible to seek expunction.
¶3 The majority concludes otherwise because "the plain language of *735 22 O.S.Supp.2016 § 18 makes no reference to drug court dismissals,"[1] which the majority believes establishes that a drug court plea deal is not a form of deferred judgment or delayed sentence plea deal. That conclusion is belied by the facts of this case, by the text and structure of the relevant statute, and by the prevailing understanding of the terms "deferred judgment or delayed sentence." I respectfully dissent.
I.
¶4 First, the facts. D.A. seeks expunction of arrest and court records relating to two criminal cases. In the first, D.A. was arrested in August 2008 for felony larceny of a controlled dangerous substance, felony possession of a controlled dangerous substance, and misdemeanor obtaining of a controlled dangerous substance by fraud. After she was charged, she entered into a plea agreement whereby she pleaded guilty to the felony possession charge and received a five-year deferred sentence.[2] Pursuant to 22 O.S.Supp.2009 § 991c(A) -the statute governing deferred judgments and sentences-the trial court delayed sentencing and the entry of a judgment of guilt and instead imposed conditions of supervision.[3]
¶5 D.A. didn't hold up her end of the bargain. Only fifteen months into her five-year term of probation, D.A. was arrested for two felony acts of obtaining, or attempting to obtain, a controlled dangerous substance by forgery. Because D.A. had violated the terms of her deferred judgment plea agreement, the district attorney moved to accelerate judgment and sentencing in D.A.'s first case.[4] In October 2013, however, D.A. struck another deal with prosecutors, whereby she agreed to plead guilty to the second set of charges and receive a 15-year prison sentence, but the court would delay the imposition of judgment and sentence pending her attempt to successfully complete McClain County's Drug Court Program.[5] If D.A. failed to complete the drug court program, judgment and sentence would be entered. If D.A. successfully completed the program, the charges against her would be dismissed.
¶6 To her credit, D.A. successfully completed the drug court program. As a result, the State moved to seal D.A.'s drug court case file pursuant to 22 O.S.2011 § 471.9(B) and to dispose of the drug court cases and the related criminal cases.[6] The drug court dismissed its case pursuant to the drug court plea agreement and section 471.9(A) and ordered the sealing of the drug court case file pursuant to section 471.9(B).[7] Additionally, the trial court allowed withdrawal of D.A.'s guilty plea in the second criminal case and ordered certain records in that case expunged pursuant to the statute governing *736 deferred judgments, 22 O.S.Supp.2016 § 991c.[8] The court also allowed the withdrawal of the State's motion to accelerate and D.A.'s guilty plea in the first criminal case and ordered certain records in that case expunged pursuant to 22 O.S.Supp.2016 § 991c(C) -again, as records relating to a deferred judgment.[9]
¶7 In short, D.A.'s original criminal case proceeded at all times as a deferred judgment case and was treated as such by everyone involved when 22 O.S. § 991c was repeatedly invoked as the basis for taking actions in the case. D.A.'s second criminal case was no different. That case involved a guilty plea agreement whereby D.A. agreed to certain conditions to avoid prison time, and was treated by the trial court as a deferred judgment case when that court relied on 22 O.S.Supp.2016 § 991c in ordering expunction of certain records in that case.
¶8 This dispute was sparked when D.A. subsequently asked the trial court to expunge the remainder of her records pursuant to 22 O.S.Supp.2016 § 18(A)(7), which by its terms excludes cases that were dismissed as part of deferred judgment or delayed sentence agreements.[10] The Oklahoma State Bureau of Investigation (OSBI) objected, but the trial court allowed the expunction-a ruling that seemingly conflicted with its prior rulings in the cases because the two cases cannot simultaneously be (1) deferred judgment cases such that the initial expunctions were authorized by 22 O.S.Supp.2016 § 991c(C), and (2)not deferred judgment cases such that immediate expunction of the remainder of her records is authorized by 22 O.S.Supp.2016 § 18(A)(7). Despite the incongruity in the proceedings below, the facts demonstrate that both of D.A.'s cases were, as a matter of fact, dismissed as part of deferred judgment guilty plea agreements. That is why they were initially treated as such by the parties and by the trial court, and why they should continue to be treated as such for purposes of this expunction request.
II.
¶9 Next, the text and structure of the relevant statute confirms this understanding of D.A.'s criminal cases. Title 22, section 18 is not a list of exceptions to an unidentified, free-floating judicial authority to expunge court records. Rather, it is the source of a district court's authority to expunge the type of criminal records D.A. seeks to have expunged. So when the majority deems it conclusive that "the plain language of 22 O.S. Supp. 2016 § 18 makes no reference to drug court dismissals,"[11] it leaves unanswered the critical question: Do section 18's references to "a deferred judgment or delayed sentence" plea deal encompasses a plea deal like the one D.A. entered into here? They do. To understand more specifically why this is so, it is helpful to first understand section 18's overall structure, which includes four subparts.
*737 ¶10 Subsection A is a list of all persons authorized to file a motion for expunction.[12] It includes fourteen categories of such persons, the first seven of which include persons who have either never been charged or convicted, had their convictions vacated, or have otherwise been pardoned or found to be innocent of the charged crime.[13] Those seven categories of persons can have their records immediately expunged. The next six categories of persons are those who either were convicted of the relevant crime or otherwise admitted guilt.[14] Most of these categories of persons must wait a number of years before being eligible to seek expunction.
¶11 Subsections B and C define "expungement" and direct that records of closely related offenses should be treated as a single offense.[15] Subsection D then describes how certain categories of persons made eligible for expunction in subsection A cannot have their records completely sealed from view and, like subsection A, directs the differing treatment largely based on whether the person is someone who either (1) was never charged or convicted, or was pardoned or found innocent after conviction, or (2) was convicted or admitted guilt:
Records expunged pursuant to paragraphs 8, 9, 10, 11, 12, 13 and 14 of subsection A of this section shall be sealed to the public but not to law enforcement agencies for law enforcement purposes. Records expunged pursuant to paragraphs 8, 9, 10, 11, 12 and 13 of subsection A of this section shall be admissible in any subsequent criminal prosecution to prove the existence of a prior conviction or prior deferred judgment without the necessity of a court order requesting the unsealing of the records.[16]
¶12 Section 18 therefore generally distinguishes between criminal records of persons not guilty of crimes (those persons listed in subsection (A)(1)-(7) ) and those guilty of crimes (those persons listed in subsection (A)(8)-(13) ),[17] and does so in three important ways: first, by requiring the latter category to wait before seeking expunction of their records; second, by requiring the latter category's records to remain open to law enforcement even after expunction; and third, by allowing the latter category's records to remain admissible in court to prove the fact of a prior conviction.
¶13 This case turns on whether D.A. is a person described in subsection (A)(7) (someone whose charges were dismissed, but not as part of any deferred judgment or delayed sentence guilty plea deal) or a person described in subsection (A)(9)[18] (someone whose charges were dismissed, but as part of a deferred judgment or delayed sentence guilty plea deal). D.A. insists that she is a person described in subsection (A)(7), while the OSBI insists that D.A. is a person described in subsection (A)(9). In my view, the OSBI is correct.
¶14 This is so because the key distinction between subsections (A)(7) and (A)(9) is that subsection (A)(7) is for those persons whose charges were truly dismissed without admission of guilt, while subsection (A)(9) is for those whose charges were dismissed, but only as part of a deferred judgment or delayed sentence plea where guilt was admitted *738 and the dismissal occurred only after successful completion of some condition imposed by the trial court.[19] Here, D.A. admitted guilt to the drug offense with which she was charged,[20] and her charges were dismissed as part of a plea deal whereby she avoided jail time by agreeing to conditions imposed by the trial court-an arrangement that has all the hallmarks of a deferred judgment plea. Her request is thus governed by subsection (A)(9), and she accordingly must wait a few more years before seeking expunction-and even then, her original criminal case file must remain open to law enforcement for law enforcement purposes.
¶15 The majority does not meaningfully address this statutory structure and its categorization of persons eligible for expunction. It instead points to 22 O.S.Supp.2016 § 471.9(B), part of the Oklahoma Drug Court Act, which addresses the sealing of drug court case files.[21] Claiming that section 471.9(B)"sets forth a somewhat automatic expungement," the majority points to a portion of that statute directing that "the drug court case file shall be sealed by the judge and may be destroyed after ten (10) years."[22]
¶16 In doing so, the majority glosses over the important distinction between the "original criminal case file" (the file D.A. wants expunged) and the "drug court case file" (a file not at issue here)-a distinction made in the drug court statute itself and long recognized by the courts of this State.[23] Section 471.9(B) requires a final disposition order for a drug court case to be filed with the "original criminal case file," which is "under the control of the court clerk" and "open to the public for inspection."[24] This same subsection also requires the sealing of the "drug court case file" upon completion of the drug court program.[25] This distinction can also be seen in section 471.1(E), which provides in relevant part:
Any criminal case which has been filed and processed in the traditional manner shall be cross-referenced to a drug court case file by the court clerk, if the case is subsequently assigned to the drug court program. The originating criminal case file shall remain open to public inspection. The judge shall determine what information or pleadings are to be retained in the drug court case file, which shall be closed to public inspection.[26]
The Legislature thus distinguished the original criminal case file and the drug court case file, and provided specific directions for the handling of each. So when the Oklahoma Drug Court Act addresses the sealing and eventual destruction of the drug court case file, it says nothing about similar sealing and destruction of the original criminal case file. Accordingly, to say that the Act "sets forth a somewhat automatic expungement" of the original criminal case file is to seriously misread the statute. The Oklahoma Drug Court *739 Act in no way requires nor allows the expunction of the original criminal case file.[27] Section 18 is the only source of a district court's authority to expunge criminal records like the ones at issue here, and that statute deems D.A. not yet eligible to seek expunction of those records.
III.
¶17 Lastly, the prevailing understanding of the terms "deferred judgment or delayed sentence" underscores this conclusion. The majority is correct that subsection (A)(7) does not explicitly exclude "drug court dismissals." But that doesn't answer the question of whether that subsection applies, because subsection (A)(7) does specifically exclude "charges that have been dismissed following the completion of a deferred judgment or delayed sentence." Again, the dispositive question is whether the broad terms "deferred judgments" and "delayed sentences" naturally encompass situations where a defendant had imposition of their judgment and sentence delayed or deferred pending completion of drug court. They do, both in their common meaning and their prevailing legal usage.
¶18 A "deferred judgment" is generally defined as "[a] conditional judgment placing a convicted defendant on probation, the successful completion of which will prevent entry of the underlying judgment of conviction."[28] Prior to admission into drug court, a defendant must enter into a guilty plea via a written plea agreement with the district attorney "set[ting] forth the offense charged, the penalty to be imposed for the offense in the event of a breach of the agreement, and the penalty to be imposed, if any, in the event of a successful completion of the treatment program; provided, however, incarceration shall be prohibited when the offender completes the treatment program."[29] Thus, drug court has all the hallmarks of a deferred judgment: a conditional judgment is outlined in a plea agreement but is not imposed pending a defendant's participation in the drug court program, and if a defendant successfully completes the drug court program, in the typical case no judgment and sentence are imposed.[30]
¶19 Not surprisingly then, this is an understanding long shared by our State's highest criminal court. Just after enactment of the Oklahoma Drug Court Act, the Court of Criminal Appeals held that its rule governing appeals of a "deferred judgment and sentence"
*740 governed appeals from those who have their judgment and sentence accelerated due to failure to complete drug court programs.[31] In Hagar v. State , 1999 OK CR 35, 990 P.2d 894, the court found that "a defendant has the right to appeal to th[e] Court [of Criminal Appeals] from a decision to revoke or terminate participation in a Drug Court program" due to the similar "interests and procedures involved in the acceleration of a deferred [judgment and] sentence[32] and the termination from a drug court program."[33] In reaching this conclusion, the court explained why a drug court dismissal is the functional equivalent of a deferred judgment:
In the present case, Petitioner entered his plea, the plea was accepted and his sentencing was deferred pending his completion of or termination from the Drug Court Program. When Petitioner failed to complete the Drug Court Program, he was terminated or revoked from the program, and ordered to serve his previously negotiated sentence. This case is comparable to the situation wherein a defendant's sentence is deferred pending the successful completion of certain terms of probation. If the terms are successfully completed, the conviction is erased from the record. If the terms are not successfully completed, a judgment of guilt is entered and the defendant is sentenced.[34]
The Hagar court ultimately required that an appeal from a decision to revoke or terminate participation in a drug court program must follow the procedure "for an appeal of a deferred judgment and sentence...."[35] These ideas were reaffirmed by the Court of Criminal Appeals in Looney v. State , 2002 OK CR 27, 49 P.3d 761, which additionally notes that "[t]o the extent that a defendant's sentence is delayed pending his participation in Drug Court, these cases are comparable to situations where a defendant receives a deferred sentence."[36]
¶20 The majority's disregard of this history leads it astray when it insists that if the Legislature wanted drug court dismissals to be excluded from section 18(A)(7), it could have amended that subsection's proviso to say so specifically. But why would the Legislature do that? Not only had it already used words in subsection (A)(7) that naturally encompass drug court dismissals, but it had also been told by the Court of Criminal Appeals that drug court cases are comparable to "deferred judgment[s] and sentence[s]" and are governed by procedural rules found in Title 22 that specifically mention deferred judgments and sentences without specifically mentioning drug court cases-just like subsection (A)(7). If, according to the State's highest criminal court, no specific mention of drug court cases was needed in those rules, why would a specific mention need to be added elsewhere in Title 22? To fault the Legislature for not reading this Court's mind and amending subsection (A)(7) to include a specific reference to drug court cases is to fault the Legislature for relying on well-established precedents from our State's highest criminal court.
* * *
¶21 For these reasons, I respectfully dissent.

Majority Op. ¶ 15 (footnote omitted).

See Summ. Order at 1, State v. D.B., a/k/a D.A. , No. CF-2008-0279 (McClain Cty. Dist. Ct. July 14, 2009); Journal Entry of Deferred Sentencing at 1, D.B. , No. CF-2008-0279 (McClain Cty. Dist. Ct. July 24, 2009).

Summ. Order, supra note 2, at 1; Journal Entry of Deferred Sentencing, supra note 2, at 1.

Mot. to Accelerate J. & Sentencing at 1, D.B. , No. CF-2008-0279 (McClain Cty. Dist. Ct. Feb. 18, 2011).

Court Minute at 1, State v. D.A. , No. CF-2011-0040 (McClain Cty. Dist. Ct. Oct. 1, 2013).

State's Mot. to Close & Seal Drug Ct. File & Dispose of Criminal Case(s) at 1, State v. D.A. , No. DC-2013-0019 (McClain Cty. Dist. Ct. filed May 22, 2015) ("WHEREFORE the State respectfully requests the Court enter its Order sealing Drug Court case number DC-13-19 pursuant to 22 O.S.[ § ]471.9 (B).").

Order of Dismissal at 1, D.A. , No. DC-2013-0019 (McClain Cty. Dist. Ct. May 22, 2015) ("IT IS THEREFORE ORDERED that, pursuant to the plea agreement entered into between the State and the Defendant, as well as provisions of 22 O.S. § 471.9(A), this case is ordered dismissed upon payment of all associated court costs by Defendant."); Order at 1, D.A. , No. DC-2013-0019 (McClain Cty. Dist. Ct. May 22, 2015) ("IT IS THEREFORE ORDERED that this file is to be sealed by the McClain County Court Clerk and is not to be opened except by Order of this Court. It is further ordered that a representative of the District Attorney's Office may have access to the sealed file without further order of this Court, pursuant to 22 O.S. § 471.9(B)."); Court Minute at 1, D.A. , No. DC-2013-0019 (McClain Cty. Dist. Ct. May 22, 2015) ("The Court therefore releases the D[efendant] from the drug court program and orders D[efendant]'s file closed and sealed.").

Court Minute at 1, D.A. , No. CF-2011-0040 (McClain Cty. Dist. Ct. Feb. 16, 2017) ("Pursuant to 22 OS 991c case is hereby ordered expunged effective 2-16-17[.]").

Court Minute at 1, D.A. , No. CF-2008-0279 (McClain Cty. Dist. Ct. Apr. 7, 2017) ("Record ordered expunged in accordance w/ 22 O.S. 991(c) [sic][.]"); Court Minute at 1, D.A. , No. CF-2008-0279 (McClain Cty. Dist. Ct. Feb. 16, 2017) ("Pursuant to 22 OS 991c case is hereby ordered expunged effective 2-16-2017[.]").

Before filing her motion to expunge, D.A.'s counsel sought leave to inspect and to make copies of the sealed records in the two criminal case files. The trial court granted leave, but directed "the cases should be re-sealed pursuant to 22 O.S. 991c,"-again, evidencing the trial court's belief that the cases involved deferred judgment agreements. Summ. Order at 1, D.A. , Nos. CF-2008-0279 & CF-2011-0040 (McClain Cty. Dist. Ct. July 10, 2017).

Majority Op. ¶ 16; see also id. ¶¶ 14-15. See generally 22 O.S.Supp.2016 § 18(A)(7) ("A. Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories: ... 7. The person was charged with one or more misdemeanor or felony crimes, all charges have been dismissed, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and the statute of limitations for refiling the charge or charges has expired or the prosecuting agency confirms that the charge or charges will not be refiled; provided, however, this category shall not apply to charges that have been dismissed following the completion of a deferred judgment or delayed sentence ; ...." (emphasis added) ).

22 O.S.Supp.2016 § 18(A).

Id . § 18(A)(1)-(7).

Id . § 18(A)(8)-(13). There is a final category-not relevant here-for the very rare subset of persons who have been arrested or charged for a crime by someone pretending to be them. Id . § 18(A)(14).

Id . § 18(B)-(C).

Id . § 18(D).

The rare exception is that section 18 requires that records of those who had crimes committed in their names, falling under 22 O.S.Supp.2016 § 18(A)(14), also remain open to law enforcement.

22 O.S.Supp.2016 § 18(A)(9) ("A. Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories: ... 9. The person was charged with a nonviolent felony offense, not listed in Section 571 of Title 57 of the Oklahoma Statutes, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence , the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and at least five (5) years have passed since the charge was dismissed;...." (emphasis added) ).

Again, this makes perfect sense in light of the broader structure of section 18, subsection D in particular. Records expunged pursuant to subsection (A)(7) do not remain available to law enforcement. Why would they be? The person was never convicted of a crime and never admitted guilt of a crime. Records expunged pursuant to subsection (A)(9), however, do remain available to law enforcement, and for obvious reasons: law enforcement officers are often confronted with occasions where they need to know whether someone has a criminal history.

Because D.A. was admitted into and successfully completed a drug court program, she entered a guilty plea to her drug charge. See Court Minute, supra note 8, at 1 (stating that the "Defendant [is] allowed to withdraw plea of 'Guilty'"). Section 471.2 of the Oklahoma Drug Court Act required her to enter a guilty plea in order to participate in the drug court program: "[T]he offender is required, before consideration in the [drug court] program, to enter a guilty plea as part of a written plea agreement." 22 O.S.Supp.2010 § 471.2(B)(4).

Majority Op. ¶ 11.

Id . (quoting 22 O.S.Supp.2016 § 471.9(B) ).

See, e.g. , Looney v. State , 2002 OK CR 27, ¶¶ 15-16, 49 P.3d 761, 765 (discussing the distinction between the drug court case file and the original criminal case file and noting that "[t]he Drug Court judge also makes a determination as to what information or pleadings are to be retained in the Drug Court file, which is closed to public inspection. The originating criminal case file remains open to public inspection.").

22 O.S.Supp.2016 § 471.9(B).

Id .

Id . § 471.1(E) (emphasis added).

The drug court certainly recognized the limited scope of the Oklahoma Drug Court Act's expunction provision, which is why it relied upon section 471.9(B) to expunge only the drug court case file, and not the criminal case files. See supra notes 6-7 and accompanying text.

Black's Law Dictionary 971 (10th ed. 2014).

22 O.S.Supp.2010 § 471.6(D)(2) ; see also id . § 471.2(B)(4) ("[T]he offender is required, before consideration in the program, to enter a guilty plea as part of a written plea agreement.").

This point is illustrated by the relevant subsection's use of the similarly broad terms "misdemeanors" and "felonies." Did the Legislature need to list every specific misdemeanor and felony to communicate its intent, and amend the statute every time a new crime fits into one of these categories? Of course not. Moreover, the Legislature demonstrated that it knows how to place limitations on its broad categories when necessary. For example, while subsection (A)(7) refers to "misdemeanor or felony crimes" without any other limitations, subsection (A)(9) can only apply to a person "charged with a nonviolent felony offense, not listed in Section 571 of Title 57 of the Oklahoma Statutes ...." 22 O.S.Supp.2016 § 18(A)(9) (emphasis added). The Legislature did not place any limits on the categories "deferred judgments" and "delayed sentences," demonstrating its intent to encompass all scenarios that fit within them-including drug court dismissals. Furthermore, despite what the majority says, this conclusion is supported-not undermined-by the text of the Oklahoma Drug Court Act. That Act provides that the drug court case file be sealed once a defendant completes the drug court program, but that the district attorney nonetheless "shall have access to sealed drug court case files without a court order." 22 O.S.Supp.2016 § 471.9(B). The Legislature evidently considered it important that law enforcement have access to drug court records for a period of time following the dismissal of the criminal case. I can think of no reason why this shouldn't also be the case for the original criminal case files, and all textual indicators point to the Legislature intending that both remain open to law enforcement. See id. § 18(D) (giving law enforcement agencies access to criminal case files after successful completion of a deferred judgment or delayed sentence); id. § 471.9(B) (giving the district attorney access to the drug court case file).

See generally Rule 1.2(D)(5), Rules of the Okla. Ct. Crim. App., 22 O.S.Supp.1998 ch.18, app.

As this case demonstrates, the exact verbiage used to describe the scenario in which no judgment is entered and no sentence is imposed upon a person charged with a crime if they enter a plea and take probationary-type steps to avoid doing jail time varies. It has been called a "deferred judgment," a "deferred sentence," and a "delayed sentence." The particular verbiage used, however, is not as important as what the court is functionally describing, which is a "deferred judgment or delayed sentence" within the meaning of 22 O.S.Supp.2016 § 18.

Hagar , 1999 OK CR 35, ¶ 12, 990 P.2d at 898.

Id. ¶ 9, 990 P.2d at 898 (citing 22 O.S.1991 § 991c ).

Id. ¶ 12, 990 P.2d at 898.

Looney , 2002 OK CR 27, ¶ 9, 49 P.3d at 763.