D. A. v. STATE ex rel. OKLAHOMA STATE BUREAU OF INVESTIGATION



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:D. A. v. STATE ex rel. OKLAHOMA STATE BUREAU OF INVESTIGATION

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 D. A. v. STATE ex rel. OKLAHOMA STATE BUREAU OF INVESTIGATION
2018 OK 102
Case Number: 116434
Decided: 12/18/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 102, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 





D. A., Petitioner/Appellee,
v.
STATE OF OKLAHOMA, ex rel. OKLAHOMA STATE BUREAU OF INVESTIGATION, Respondent/Appellant.
APPEAL FROM THE DISTRICT COURT OF MCCLAIN COUNTY
Honorable Leland Shilling, Trial Judge
¶0 After two separate arrests, the petitioner/appellee, D. A., successfully completed drug court in McClain County, Oklahoma. Subsequently, she filed a petition in the McClain County District Court to expunge her arrest records pursuant to 22 O.S. Supp. 2016 §18. The Oklahoma State Bureau of Investigation (OSBI) entered an appearance and objected. It argued that a drug court's dismissal of charges upon the successful completion of the program is statutorily exempt from eligibility for expungement. The trial court denied the OSBI's objection and granted the petition for expungement. The OSBI appealed, and we retained the cause. We hold that a drug court's dismissal following successful conclusion of the drug court program is not excluded from expungement under 22 O.S. Supp. 2016 §18 and may be expunged immediately, after successful completion of the program and the charges have been dismissed.
APPEAL PREVIOUSLY RETAINED;
TRIAL COURT AFFIRMED.
Riley W. Mulinix, Oklahoma City, Oklahoma,
Samuel L. Talley, Eugene Bertman, Norman, Oklahoma, for Petitioner/Appellee, 
John Justin Wolf, Oklahoma State Bureau of Investigation, Oklahoma City, Oklahoma, for Respondent/Appellant.
KAUGER, J.:
¶1 We retained this cause to address the dispositive issue of whether a drug court's dismissal of charges upon the successful completion of the drug court program is statutorily exempt from expungement. We hold that a drug court's dismissal following successful conclusion of the drug court program is not excluded from expungement under 22 O.S. Supp. 2016 §18[1] and may be expunged immediately, after successful completion of the program and the charges have been dismissed.
FACTS
¶2 In August of 2008, the Purcell Police Department arrested the petitioner/appellee, D. A. (D.A./petitioner) for Larceny of CDS (a controlled dangerous substance), unlawful possession of CDS and obtaining CDS by forgery/fraud. The State charged her with three felonies in McClain County District Court. Upon the State's request, the trial court dismissed the larceny and obtaining CDS by forgery/fraud on July 14, 2009. Subsequently, the court entered a five year deferred sentence for the remaining count of possession of CDS against the petitioner. 
¶3 In October of 2010, the McClain County Sheriff arrested D.A. for two counts of obtaining (or attempted) CDS by forgery/fraud. A plea deal provided that, upon successful completion of drug court, the latest two counts would be dismissed. However, if she did not successfully complete drug court, then she would receive fifteen years with the Department of Corrections. On October 3, 2013, D.A. was accepted into a drug court in McClain County.
¶4 After successful completion of drug court, the court dismissed D.A.' two nonviolent felony counts on May 5, 2015. On July 18, 2017, she filed a petition for expungement of both of her arrests, charges, and court dispositions pursuant to 22 O.S. Supp 2016 §18(7) which provides that a person is authorized to file for expungement if:
A. Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories: . . .
(7) The person was charged with one or more misdemeanor or felony crimes, all charges have been dismissed, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person, and the statute of limitations for refiling the charge or charges has expired or the prosecuting agency confirms that the charge or charges will not be refiled; provided, however, this category shall not apply to charges that have been dismissed following the completion of a deferred judgment or delayed sentence; (Emphasis supplied.)
¶5 On August 14, 2017, the Oklahoma State Bureau of Investigation (OSBI) filed an entry of appearance and objection to the petition to expunge the petitioner's record. The OSBI argued that D.A. did not qualify for expungement because her plea deal, participation in the drug court program, and subsequent dismissal constituted a "completion of a deferred judgment or delayed sentence" pursuant to 22 O.S. Supp. 2016 §§18(7) and 18(9).[2] Additionally, pursuant to §18(9), the applicant must wait five years to pass since nonviolent felony charges are dismissed to qualify for expungement. Thus, the petitioner would not qualify for expungement until May of 2020.
¶6 The trial court held a hearing on September 13, 2017, and entered a summary order the same day denying the OSBI's objection and granting the petition for expungement. The court determined that a dismissal after the successful completion of drug court is not the same as a "dismissal following the completion of a deferred judgment or delayed sentence" within the meaning of 22 O.S. Supp. 2016 §18,[3] thus the Drug Court dismissal was not excluded from eligibility for expungement. Because 22 O.S. Supp. 2016 §19[4] operates in tandem with §18, the trial court also included instructions that the record be sealed pursuant to §19. On October 11, 2017, the OSBI appealed. We retained the cause on October 18, 2017, and it was assigned on August 14, 2018, after the briefing cycle was completed.
A DRUG COURT'S DISMISSAL FOLLOWING SUCCESSFUL
COMPLETION OF THE DRUG PROGRAM IS NOT EXCLUDED FROM
EXPUNGEMENT UNDER 22 O.S. Supp. 2016 §18, AND MAY BE
EXPUNGED IMMEDIATELY.
¶7 The OSBI argues that, insofar as the expungement statute, 22 O.S. Supp. 2016 §18,[5] is concerned, any dismissal following the completion of a deferred judgment or delayed sentence is expressly excluded from expungement, unless the charge was a nonviolent felony offense and five (5) years have passed since the dismissal. D.A. argues that the term "completion of a deferred judgment or delayed sentence" as used in the statute does not apply to the drug court process because it was not her sentence which was deferred but, rather, in lieu of incarceration, she committed to the drug court program and successfully completed it. We agree.
¶8 The Oklahoma Drug Court Act was established by the Legislature in 1997.[6] Drug and mental health courts formally and explicitly establish highly structured judicial intervention processes for treatment of eligible offenders.[7] While these programs are based in the district courts, the drug court holds regular hearings to review progress, relapses and restarts.[8] A drug court judge has to recognize relapses and restarts as part of the rehabilitation process, and monitor and hold offenders accountable by ordering progressively increasing sanctions (or providing incentives), rather than removing an offender from the program when the relapse occurs. Although there may be circumstances where an offender's conduct warrants expulsion from the program.[9]
¶9 Any criminal case which has been filed and processed in the traditional manner is cross-referenced to a drug court case file by the court clerk if the case is subsequently assigned to the drug court program. While in the program, the originating criminal case file remains open for public inspection, but the drug court case file is closed for public inspection.
[10] The eligibility form for the program requires an explanation of the participant's criminal record retention and disposition following successful completion of the program.[11]
¶10 We recognize that diversionary programs, such as drug court and mental health court, have been compared to the situation wherein a defendant's sentence is deferred pending the successful completion of certain terms of probation.
[12] While they may be comparable, they are not identical. Drug courts are an anomaly, and different from the general district court. Drug court programs require a separate judicial processing system differing in practice and design from the traditional adversarial criminal prosecution and trial systems. The drug court statutes expressly recognize the distinction from the "traditional" criminal prosecution.[13] Eligible offences are restricted by the rules of the specific drug court program.[14] 
¶11 The sealing and expungement of drug court records are addressed within the drug court statutory framework. Title 22 O.S. Supp. 2016 §471.9(B) sets forth a somewhat automatic expungement, providing:
B. The final disposition order for a drug court case shall be filed with the judge assigned to the case, and shall indicate the sentence specified in the written plea agreement. A copy of the final disposition order for the drug court case shall also be filed in the original criminal case file under the control of the court clerk which is open to the public for inspection. Original criminal case files which are under the control of the court clerk and which are subsequently assigned to the drug court program shall be marked with a pending notation until a final disposition order is entered in the drug court case. After an offender completes the program, the drug court case file shall be sealed by the judge and may be destroyed after ten (10) years. The district attorney shall have access to sealed drug court case files without a court order. (Emphasis supplied).
One obvious purpose of the sealing and destruction of the drug court case file is to protect a successful participant from being denied employment based on their criminal conduct, addiction, and subsequent conquering of the addiction.
[15] Another obvious purpose is that this process is consistent with the overall purpose of drug court because it allows people who commit to and succeed in the program to move on with their lives, and to remove the stigma such past drug use might cause. It provides a motivation and incentive for completing the program.
¶12 However, the Drug Court Act
[16] is not the only mechanism a person has for sealing or expunging criminal records. Enacted ten years prior to the Drug Court Act, 22 O.S. Supp. 2016 §18[17] also allows expungement, and correspondingly, 22 O.S. Supp. 2016 §19[18] sets forth the procedure for sealing records. Subsection 7 of §18 authorizes a person charged with one or more misdemeanors or felonies in which the charges have been dismissed, to seek expungement if the statute of limitations had expired for refiling charges, or if the prosecuting agency confirms no charges will be refiled.[19] Pursuant to subsection 9 of §18, if the person was charged with a nonviolent felony offence, and the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person must wait five years after the charges were dismissed.[20] Section 19 of title 22 works in tandem with §18 and allows any person qualified to seek expungement under §18 to also petition for the sealing of arrest records.[21]
¶13 One exception to expungement is when the charges have been dismissed following the "completion of a deferred judgment or delayed sentence."
[22] The implication being that, if the dismissal follows the completion of a deferred judgment or delayed sentence, then it is either not authorized for expungement[23] or, if the charge involved were certain enumerated nonviolent felony offenses, five years must pass before seeking expungement.[24]
¶14 Neither statute specifically mentions drug courts, the unique drug court process, drug court records, or drug court dismissals after successfully completing drug court. Section 18 has been amended sixteen times since its enactment and fourteen times after the Drug Court Act was enacted in 1997, without any express language referring to drug court. Section 19 has been amended five times since its enactment and every amendment was subsequent to the enactment of the Drug Court Act, also without any express language referring to drug court.
¶15 Statutory interpretation is governed by legislative intent, and legislative intent is ascertained from a statute's plain language.
[25] The plain language of 22 O.S. Supp. 2016 §18[26] makes no reference to drug court dismissals, even though the Legislature has expressly delineated that drug courts and the drug court programs are unlike the traditional criminal process. The terms of §18 existed before Drug Courts were created. The Legislature has not expressly mentioned drug court dismissals in §18's many amendments, after the Drug Court Act[27] was enacted. 
¶16 Expungement is consistent with the drug court's goal of allowing successful participants to move on with their lives, and not have past charges, which were successfully dismissed, be used against them by the public. Consequently, we hold the Legislature did not intend to include drug court dismissals within §§18(7)'s and (9)'s terms, which refer to charges that have been "dismissed following the completion of a deferred judgment or delayed sentence" to exclude them from expungement or wait five years after dismissal to seek expungement. Therefore, Drug Court dismissals following successful completion of the Drug Court program may be expunged immediately after the Drug Court determines that the program has been successfully completed and has dismissed the charges.
[28]
CONCLUSION
¶17 Drug courts are an anomaly, and differ from the general district courts. Drug court programs require a separate judicial processing system differing in practice and design from the traditional adversarial criminal prosecution and trial systems. The drug court statutes expressly recognizes this distinction from the "traditional" criminal prosecution.[29] Expungement is consistent with the drug court's goal of allowing successful participants to get on with their lives without dismissed past drug charges to be used against them. Because the plain language of 22 O.S. Supp. 2016 §18[30] makes no reference to drug court dismissals, evidently, the Legislature did not intend to include drug court dismissals within §18's terms to exclude them from expungement. They may be expunged immediately after the program has been successfully completed, and the charges have been dismissed.
APPEAL PREVIOUSLY RETAINED;
TRIAL COURT AFFIRMED. 
GURICH, V.C.J., KAUGER, WINCHESTER, EDMONDSON, COLBERT and REIF, JJ., concur.
COMBS, C.J., concurs specially (by separate writing).
WYRICK, J., dissent (by separate writing).
DARBY, J., not participating.
FOOTNOTES
[1] Title 22 O.S. Supp. 2016 §18 provides in pertinent part:
A. Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories: . . .
7. The person was charged with one or more misdemeanor or felony crimes, all charges have been dismissed, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person, and the statute of limitations for refiling the charge or charges has expired or the prosecuting agency confirms that the charge or charges will not be refiled; provided, however, this category shall not apply to charges that have been dismissed following the completion of a deferred judgment or delayed sentence; . . .
9. The person was charged with a nonviolent felony offense, not listed in Section 571 of Title 57 of the Oklahoma Statutes, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person, and at least five (5) years have passed since the charge was dismissed; . . .
Title 22 O.S.2011 §18 was amended in 2012, 2014, 2015, 2016, and again in 2018. The 2018 amendments will be superceded effective November 1, 2018, but subsection 7 will remain substantially unaltered by the amendments. Unless otherwise noted, all references throughout this opinion will be to the latest version of the statute, prior to the November 1, 2018, effective date of the amendments.
[2] Title 22 O.S. Supp 2016. §§18(7) and (9), see note 1, supra.
[3] Title 22 O.S. Supp. 2016 §§18(7) and (9), see note 1, supra.
[4] 22 O.S. Supp. 2016 §19 sets forth the process for sealing records. It provides in pertinent part:
A. Any person qualified under Section 18 of this title may petition the district court of the district in which the arrest information pertaining to the person is located for the sealing of all or any part of the record, except basic identification information.
B. Upon the filing of a petition or entering of a court order, the court shall set a date for a hearing and shall provide thirty (30) days of notice of the hearing to the prosecuting agency, the arresting agency, the Oklahoma State Bureau of Investigation, and any other person or agency whom the court has reason to believe may have relevant information related to the sealing of such record.

C. Upon a finding that the harm to privacy of the person in interest or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records, the court may order such records, or any part thereof except basic identification information, to be sealed. If the court finds that neither sealing of the records nor maintaining of the records unsealed by the agency would serve the ends of justice, the court may enter an appropriate order limiting access to such records. . . .
[5] Title 22 O.S. Supp. 2016 §§18(7) and (9), see note 1, supra.
[6] Title 22 O.S. Supp. 1997 §§471-471.11. Title 22 O.S. Supp. 1997 §471 provides:
Sections I through 12 of this act shall be known and may be cited as the "Oklahoma Drug court Act". 
Various sections of the Act have been amended since enactment. In 2002 the Legislature enacted the Anna McBride Act at 22 O.S. Supp. 2002 §472 which concerns mental health courts.
[7] Title 22 O.S. 2011 §§471-471.11; 22 O.S. Supp. 2016 §472; Sonnier v. State, 2014 OK CR 13, ¶8, 334 P.3d 948; Alexander v. State, 2002 OK CR 23, ¶8, 48 P.3d 110. Title 22 O.S. Supp. 2016 §471.1(A) provides:
For purposes of this act, "drug court", "drug court program" or "program" means an immediate and highly structured judicial intervention process for substance abuse treatment of eligible offenders which expedites the criminal case, and requires successful completion of the plea agreement.
[8] Title 22 O.S. 2011 §471.7 provides in pertinent part:
A. The designated drug court judge shall make all judicial decisions concerning any case assigned to the drug court docket or program. The judge shall require progress reports and a periodic review of each offender during his or her period of participation in the drug court program or for purposes of collecting costs and fees after completion of the treatment portion of the program. Reports from the treatment providers and the supervising staff shall be presented to the drug court judge as specified by the treatment plan or as ordered by the court. . . .
E. The drug court judge shall recognize relapses and restarts in the program which are considered to be part of the rehabilitation and recovery process. The judge shall accomplish monitoring and offender accountability by ordering progressively increasing sanctions or providing incentives, rather than removing the offender from the program when relapse occurs, except when the offender's conduct requires revocation from the program. Any revocation from the drug court program shall require notice to the offender and other participating parties in the case and a revocation hearing. At the revocation hearing, if the offender is found to have violated the conditions of the plea agreement or performance contract and disciplinary sanctions have been insufficient to gain compliance, the offender shall be revoked from the program and sentenced for the offense as provided in the plea agreement. 
F. Upon application of any participating party to a drug court case, the judge may modify a treatment plan at any hearing when it is determined that the treatment is not benefitting the offender. The primary objective of the judge in monitoring the progress of the offender and the treatment plan shall be to keep the offender in treatment for a sufficient time to change behaviors and attitudes. Modification of the treatment plan requires a consultation with the treatment provider, supervising staff, district attorney, and the defense attorney in open court. . . .
Sonnier v. State, see note 7, supra; Tate v. State, 2013 OK CR 18, ¶20, 313 P.3d 274.
[9] Title 22 O.S. 2011 §471.7, see note 8, supra; Tate v. State, see note 7, supra at §23; Alexander v. State, see note 7, supra at §11.
[10] Title 22 O.S. 2011 §471.7(E) provides in pertinent part:
. . . Any criminal case which has been filed and processed in the traditional manner shall be cross-referenced to a drug court case file by the court clerk, if the case is subsequently assigned to the drug court program. The originating criminal case file shall remain open to public inspection. The judge shall determine what information or pleadings are to be retained in the drug court case file, which shall be closed to public inspection
[11] Title 22 O.S. Supp. 2016 §471.2 provides in pertinent part:
The eligibility form shall describe the drug court program for which the offender may be eligible, including, but not limited to: . . . 
10. An explanation of the criminal record retention and disposition resulting from participation in the drug court program following successful completion of the program. . . .
This section was amended and will be superceded effective November 1, 2018, but because the pertinent portions remain unaltered by the amendment, unless otherwise noted, all references will be to the pre-November 1, 2018, effective date of the amendments.
[12] The Oklahoma Court of Criminal Appeals has resolved many causes concerning due process and other questions involving such courts. They have recognized such similarity. See, Tate v. State, 2013 OK 18, ¶20, 313 P.3d 274; Hagar v. State, 1999 OK CR 35, ¶¶9-11, 990 P.2d 894. For example, in Looney v. State, 2002 OK CR 27, ¶9, 49 P.3d 761, the Court said:
. . .As noted by this Court in Hagar, Drug court is a type of diversionary sentence, which expedites the criminal case and requires successful completion of the plea agreement in lieu of incarceration. Hagar, 1999 OK CR 35, ¶ 7, 990 P.2d 894; 22 O.S Supp. 1998, § 471.7(A). To the extent that a defendant's sentence is delayed pending his participation in Drug court, these cases are comparable to situations where a defendant receives a deferred sentence. The termination of a defendant from Drug court is analogous to an [49 P.3d 763] acceleration of a deferred sentence. Hagar, 1999 OK CR 35, ¶¶ 9-10. The consequence of the termination from Drug court is to impose the sentence negotiated in the plea agreement. Hagar, 1999 OK CR 35, ¶ 11. The procedures and interests involved in both an acceleration of a deferred sentence and termination from Drug court are similar, and a defendant has a right to appeal his termination from Drug court just as he has a right to appeal the acceleration of his deferred sentence. Hagar, 1999 OK CR 35, ¶ 12. . . .
[13] Title 22 O.S. Supp. 2016 §471.1(D) provides in pertinent part:
Drug court programs shall require a separate judicial processing system differing in practice and design from the traditional adversarial criminal prosecution and trial systems. . . .
This subsection of the Drug court Act was amended in 2009 and 2016, however because the changes are deminimis, we refer to the most current version.
[14] Title 22 O.S. Supp. 2016 §471.1(c) provides:
Drug court programs shall not apply to any violent criminal offense. Eligible offenses may further be restricted by the rules of the specific drug court program. Nothing in this act shall be construed to require a drug court to consider every offender with a treatable condition or addiction, regardless of the fact that the controlling offense is eligible for consideration in the program. Traditional prosecution shall be required where an offender is determined not appropriate for the drug court program.
[15] Title 22 O.S. Supp.2016 §471.9 provides in pertinent part:
. . .C. A record pertaining to an offense resulting in a successful completion of a drug court program shall not, without the offender's consent in writing, be used in any way which could result in the denial of any employee benefit. . . .
[16] Title 22 O.S. 2011 §§471-471.11.
[17] Title 22 O.S. Supp. §18, see note 1, supra. 
[18] Title 22 O.S. Supp. §19, see note 3, supra.
[19] Title 22 O.S. Supp. §18(7), see note 1, supra.
[20] Title 22 O.S. Supp. §18(9), see note 3, supra.
[21] Title 22 O.S. 2016 §18(9), see note 3, supra.
[22] Title 22 O.S. Supp. §18(7), see note 1, supra.
[23] Title 22 O.S. Supp. §18(7), see note 1, supra.
[24] Title 22 O.S. Supp. §18(9), see note 1, supra.
[25] Brisco v. State ex rel. Board of Regent of Agriculture and Mechanical Colleges, 2017 OK 35, ¶10, 3945 P.3d 1251; State ex rel. Oklahoma State Dep't of Health v. Robertson, 2006 OK 99, ¶ 6, 152 P.3d 875; The Pentagon Academy, Inc. v. Independent Sch. Dist. No. 1 of Tulsa County, 2003 OK 98, ¶ 19, 82 P.3d 587.
[26] 22 O.S. Supp. 2016 §§18(7) and (9), see notes 1, supra.
[27] Title 22 O.S. 2011 §§471-471.11.
[28] Title 22 O.S. Supp. §§18(7) and (9), see note 1, supra.
[29] Title 22 O.S. Supp. 2016 §471.1(D) see note 13, supra.
[30] 22 O.S. Supp. 2016 §§18(7) and (9), see notes 1, supra.




COMBS C.J., concurring specially
¶1 I write to emphasize the difficulty of the Drug Court program and the well-deserved opportunity to expunge the arrest and filing records. There exists no form of probation requiring more commitment, dedication and resolve to complete than a Court ordered Drug Court program. Any petitioner, as we have in the present case, knows from the entry of their plea, the clear and present danger in failure to complete the Drug Court requirements. Here a term of imprisonment of 15 years on two counts was the negotiated agreement in the event of failure. Successful completion resulted in dismissal of both counts, and no felony conviction on these charges.
¶2 The intensity of the program requirements far exceed the requirements of any standard probation, community sentencing or district attorney supervision. The opportunity for expungement should be earned and when earned should not be delayed by a strained interpretation of 22 O.S. Supp. 2016, § 18 (A) (7) and (9), requiring the petitioner to wait an additional five years from the time of dismissal of the charges. The Oklahoma Drug Court Act, 22 O.S. 2011, §§ 471-471.11, specifies upon successful completion the record is to be sealed and may be destroyed after ten years. See 22 O.S. Supp. 2016, § 471.9 (B).
¶3 The Oklahoma Legislature has had multiple opportunities to address the applicability of expungement to a successful Drug Court participant but has wisely chosen to not specifically address the expungement provisions in relation to the Oklahoma Drug Court Act.
¶4 Successful participants in the Drug Court program should be congratulated for the changes made in their lives and expungement should not be delayed.




Wyrick, J.
, dissenting:
¶1 This case turns on whether D.A.'s felony drug possession charges were dismissed as part of a deferred judgment or delayed sentence plea deal. If they were, D.A. must wait a few more years before she seeks expunction of all records related to those charges. If they were not, she can have them expunged now.
¶2 In my view, D.A. must wait. D.A. pleaded guilty to various drug crimes as part of a deferred judgment agreement. After she was caught with drugs a second time and prosecutors moved to accelerate her judgment and sentence, she pleaded guilty and agreed to a 15-year sentence in exchange for an opportunity to complete a drug court program. If she successfully completed the program, her charges would be dismissed, and she would avoid prison. If she failed, judgment and sentence would be entered, and she would be incarcerated. She successfully completed the program, and the charges against her were dismissed pursuant to her guilty plea agreement. Given that her first case was by its own terms a deferred judgment case and her second case has all the hallmarks of a deferred judgment case, D.A. is a person whose charges were dismissed as part of a deferred judgment or delayed sentence agreement. Pursuant to the plain language of the governing statute, 22 O.S.Supp.2016 § 18, she is thus not yet eligible to seek expunction.
¶3 The majority concludes otherwise because "the plain language of 22 O.S.Supp.2016 § 18 makes no reference to drug court dismissals,"[1] which the majority believes establishes that a drug court plea deal is not a form of deferred judgment or delayed sentence plea deal. That conclusion is belied by the facts of this case, by the text and structure of the relevant statute, and by the prevailing understanding of the terms "deferred judgment or delayed sentence." I respectfully dissent.
I.
¶4 First, the facts. D.A. seeks expunction of arrest and court records relating to two criminal cases. In the first, D.A. was arrested in August 2008 for felony larceny of a controlled dangerous substance, felony possession of a controlled dangerous substance, and misdemeanor obtaining of a controlled dangerous substance by fraud. After she was charged, she entered into a plea agreement whereby she pleaded guilty to the felony possession charge and received a five-year deferred sentence.[2] Pursuant to 22 O.S.Supp.2009 § 991c(A)--the statute governing deferred judgments and sentences--the trial court delayed sentencing and the entry of a judgment of guilt and instead imposed conditions of supervision.[3] 
¶5 D.A. didn't hold up her end of the bargain. Only fifteen months into her five-year term of probation, D.A. was arrested for two felony acts of obtaining, or attempting to obtain, a controlled dangerous substance by forgery. Because D.A. had violated the terms of her deferred judgment plea agreement, the district attorney moved to accelerate judgment and sentencing in D.A.'s first case.[4] In October 2013, however, D.A. struck another deal with prosecutors, whereby she agreed to plead guilty to the second set of charges and receive a 15-year prison sentence, but the court would delay the imposition of judgment and sentence pending her attempt to successfully complete McClain County's Drug Court Program.[5] If D.A. failed to complete the drug court program, judgment and sentence would be entered. If D.A. successfully completed the program, the charges against her would be dismissed.
¶6 To her credit, D.A. successfully completed the drug court program. As a result, the State moved to seal D.A.'s drug court case file pursuant to 22 O.S.2011 § 471.9(B) and to dispose of the drug court cases and the related criminal cases.[6] The drug court dismissed its case pursuant to the drug court plea agreement and section 471.9(A) and ordered the sealing of the drug court case file pursuant to section 471.9(B).[7] Additionally, the trial court allowed withdrawal of D.A.'s guilty plea in the second criminal case and ordered certain records in that case expunged pursuant to the statute governing deferred judgments, 22 O.S.Supp.2016 § 991c.[8] The court also allowed the withdrawal of the State's motion to accelerate and D.A.'s guilty plea in the first criminal case and ordered certain records in that case expunged pursuant to 22 O.S.Supp.2016 § 991c(C)--again, as records relating to a deferred judgment.[9] 
¶7 In short, D.A.'s original criminal case proceeded at all times as a deferred judgment case and was treated as such by everyone involved when 22 O.S. § 991c was repeatedly invoked as the basis for taking actions in the case. D.A.'s second criminal case was no different. That case involved a guilty plea agreement whereby D.A. agreed to certain conditions to avoid prison time, and was treated by the trial court as a deferred judgment case when that court relied on 22 O.S.Supp.2016 § 991c in ordering expunction of certain records in that case.
¶8 This dispute was sparked when D.A. subsequently asked the trial court to expunge the remainder of her records pursuant to 22 O.S.Supp.2016 § 18(A)(7), which by its terms excludes cases that were dismissed as part of deferred judgment or delayed sentence agreements.[10] The Oklahoma State Bureau of Investigation (OSBI) objected, but the trial court allowed the expunction--a ruling that seemingly conflicted with its prior rulings in the cases because the two cases cannot simultaneously be (1) deferred judgment cases such that the initial expunctions were authorized by 22 O.S.Supp.2016 § 991c(C), and (2) not deferred judgment cases such that immediate expunction of the remainder of her records is authorized by 22 O.S.Supp.2016 § 18(A)(7). Despite the incongruity in the proceedings below, the facts demonstrate that both of D.A.'s cases were, as a matter of fact, dismissed as part of deferred judgment guilty plea agreements. That is why they were initially treated as such by the parties and by the trial court, and why they should continue to be treated as such for purposes of this expunction request.
II.
¶9 Next, the text and structure of the relevant statute confirms this understanding of D.A.'s criminal cases. Title 22, section 18 is not a list of exceptions to an unidentified, free-floating judicial authority to expunge court records. Rather, it is the source of a district court's authority to expunge the type of criminal records D.A. seeks to have expunged. So when the majority deems it conclusive that "the plain language of 22 O.S. Supp. 2016 § 18 makes no reference to drug court dismissals,"[11] it leaves unanswered the critical question: Do section 18's references to "a deferred judgment or delayed sentence" plea deal encompasses a plea deal like the one D.A. entered into here? They do. To understand more specifically why this is so, it is helpful to first understand section 18's overall structure, which includes four subparts.
¶10 Subsection A is a list of all persons authorized to file a motion for expunction.[12] It includes fourteen categories of such persons, the first seven of which include persons who have either never been charged or convicted, had their convictions vacated, or have otherwise been pardoned or found to be innocent of the charged crime.[13] Those seven categories of persons can have their records immediately expunged. The next six categories of persons are those who either were convicted of the relevant crime or otherwise admitted guilt.[14] Most of these categories of persons must wait a number of years before being eligible to seek expunction.
¶11 Subsections B and C define "expungement" and direct that records of closely related offenses should be treated as a single offense.[15] Subsection D then describes how certain categories of persons made eligible for expunction in subsection A cannot have their records completely sealed from view and, like subsection A, directs the differing treatment largely based on whether the person is someone who either (1) was never charged or convicted, or was pardoned or found innocent after conviction, or (2) was convicted or admitted guilt:
Records expunged pursuant to paragraphs 8, 9, 10, 11, 12, 13 and 14 of subsection A of this section shall be sealed to the public but not to law enforcement agencies for law enforcement purposes. Records expunged pursuant to paragraphs 8, 9, 10, 11, 12 and 13 of subsection A of this section shall be admissible in any subsequent criminal prosecution to prove the existence of a prior conviction or prior deferred judgment without the necessity of a court order requesting the unsealing of the records.[16] 
¶12 Section 18 therefore generally distinguishes between criminal records of persons not guilty of crimes (those persons listed in subsection (A)(1)--(7)) and those guilty of crimes (those persons listed in subsection (A)(8)--(13)),[17] and does so in three important ways: first, by requiring the latter category to wait before seeking expunction of their records; second, by requiring the latter category's records to remain open to law enforcement even after expunction; and third, by allowing the latter category's records to remain admissible in court to prove the fact of a prior conviction.
¶13 This case turns on whether D.A. is a person described in subsection (A)(7) (someone whose charges were dismissed, but not as part of any deferred judgment or delayed sentence guilty plea deal) or a person described in subsection (A)(9)[18] (someone whose charges were dismissed, but as part of a deferred judgment or delayed sentence guilty plea deal). D.A. insists that she is a person described in subsection (A)(7), while the OSBI insists that D.A. is a person described in subsection (A)(9). In my view, the OSBI is correct.
¶14 This is so because the key distinction between subsections (A)(7) and (A)(9) is that subsection (A)(7) is for those persons whose charges were truly dismissed without admission of guilt, while subsection (A)(9) is for those whose charges were dismissed, but only as part of a deferred judgment or delayed sentence plea where guilt was admitted and the dismissal occurred only after successful completion of some condition imposed by the trial court.[19] Here, D.A. admitted guilt to the drug offense with which she was charged,[20] and her charges were dismissed as part of a plea deal whereby she avoided jail time by agreeing to conditions imposed by the trial court--an arrangement that has all the hallmarks of a deferred judgment plea. Her request is thus governed by subsection (A)(9), and she accordingly must wait a few more years before seeking expunction--and even then, her original criminal case file must remain open to law enforcement for law enforcement purposes.
¶15 The majority does not meaningfully address this statutory structure and its categorization of persons eligible for expunction. It instead points to 22 O.S.Supp.2016 § 471.9(B), part of the Oklahoma Drug Court Act, which addresses the sealing of drug court case files.[21] Claiming that section 471.9(B) "sets forth a somewhat automatic expungement," the majority points to a portion of that statute directing that "the drug court case file shall be sealed by the judge and may be destroyed after ten (10) years."[22] 
 
¶16 In doing so, the majority glosses over the important distinction between the "original criminal case file" (the file D.A. wants expunged) and the "drug court case file" (a file not at issue here)--a distinction made in the drug court statute itself and long recognized by the courts of this State.
[23] Section 471.9(B) requires a final disposition order for a drug court case to be filed with the "original criminal case file," which is "under the control of the court clerk" and "open to the public for inspection."[24] This same subsection also requires the sealing of the "drug court case file" upon completion of the drug court program.[25] This distinction can also be seen in section 471.1(E), which provides in relevant part:
Any criminal case which has been filed and processed in the traditional manner shall be cross-referenced to a drug court case file by the court clerk, if the case is subsequently assigned to the drug court program. The originating criminal case file shall remain open to public inspection. The judge shall determine what information or pleadings are to be retained in the drug court case file, which shall be closed to public inspection.
[26] 
The Legislature thus distinguished the original criminal case file and the drug court case file, and provided specific directions for the handling of each. So when the Oklahoma Drug Court Act addresses the sealing and eventual destruction of the drug court case file, it says nothing about similar sealing and destruction of the original criminal case file. Accordingly, to say that the Act "sets forth a somewhat automatic expungement" of the original criminal case file is to seriously misread the statute. The Oklahoma Drug Court Act in no way requires nor allows the expunction of the original criminal case file.
[27] Section 18 is the only source of a district court's authority to expunge criminal records like the ones at issue here, and that statute deems D.A. not yet eligible to seek expunction of those records.
III.
¶17 Lastly, the prevailing understanding of the terms "deferred judgment or delayed sentence" underscores this conclusion. The majority is correct that subsection (A)(7) does not explicitly exclude "drug court dismissals." But that doesn't answer the question of whether that subsection applies, because subsection (A)(7) does specifically exclude "charges that have been dismissed following the completion of a deferred judgment or delayed sentence." Again, the dispositive question is whether the broad terms "deferred judgments" and "delayed sentences" naturally encompass situations where a defendant had imposition of their judgment and sentence delayed or deferred pending completion of drug court. They do, both in their common meaning and their prevailing legal usage.
¶18 A "deferred judgment" is generally defined as "[a] conditional judgment placing a convicted defendant on probation, the successful completion of which will prevent entry of the underlying judgment of conviction."
[28] Prior to admission into drug court, a defendant must enter into a guilty plea via a written plea agreement with the district attorney "set[ting] forth the offense charged, the penalty to be imposed for the offense in the event of a breach of the agreement, and the penalty to be imposed, if any, in the event of a successful completion of the treatment program; provided, however, incarceration shall be prohibited when the offender completes the treatment program."[29] Thus, drug court has all the hallmarks of a deferred judgment: a conditional judgment is outlined in a plea agreement but is not imposed pending a defendant's participation in the drug court program, and if a defendant successfully completes the drug court program, in the typical case no judgment and sentence are imposed.[30] 
¶19 Not surprisingly then, this is an understanding long shared by our State's highest criminal court. Just after enactment of the Oklahoma Drug Court Act, the Court of Criminal Appeals held that its rule governing appeals of a "deferred judgment and sentence" governed appeals from those who have their judgment and sentence accelerated due to failure to complete drug court programs.[31] In Hagar v. State, 1999 OK CR 35, 990 P.2d 894, the court found that "a defendant has the right to appeal to th[e] Court [of Criminal Appeals] from a decision to revoke or terminate participation in a Drug Court program" due to the similar "interests and procedures involved in the acceleration of a deferred [judgment and] sentence[32] and the termination from a drug court program."[33] In reaching this conclusion, the court explained why a drug court dismissal is the functional equivalent of a deferred judgment:
In the present case, Petitioner entered his plea, the plea was accepted and his sentencing was deferred pending his completion of or termination from the Drug Court Program. When Petitioner failed to complete the Drug Court Program, he was terminated or revoked from the program, and ordered to serve his previously negotiated sentence. This case is comparable to the situation wherein a defendant's sentence is deferred pending the successful completion of certain terms of probation. If the terms are successfully completed, the conviction is erased from the record. If the terms are not successfully completed, a judgment of guilt is entered and the defendant is sentenced.[34] 
The Hagar court ultimately required that an appeal from a decision to revoke or terminate participation in a drug court program must follow the procedure "for an appeal of a deferred judgment and sentence . . . ."[35] These ideas were reaffirmed by the Court of Criminal Appeals in Looney v. State, 2002 OK CR 27, 49 P.3d 761, which additionally notes that "[t]o the extent that a defendant's sentence is delayed pending his participation in Drug Court, these cases are comparable to situations where a defendant receives a deferred sentence."[36] 
¶20 The majority's disregard of this history leads it astray when it insists that if the Legislature wanted drug court dismissals to be excluded from section 18(A)(7), it could have amended that subsection's proviso to say so specifically. But why would the Legislature do that? Not only had it already used words in subsection (A)(7) that naturally encompass drug court dismissals, but it had also been told by the Court of Criminal Appeals that drug court cases are comparable to "deferred judgment[s] and sentence[s]" and are governed by procedural rules found in Title 22 that specifically mention deferred judgments and sentences without specifically mentioning drug court cases--just like subsection (A)(7). If, according to the State's highest criminal court, no specific mention of drug court cases was needed in those rules, why would a specific mention need to be added elsewhere in Title 22? To fault the Legislature for not reading this Court's mind and amending subsection (A)(7) to include a specific reference to drug court cases is to fault the Legislature for relying on well-established precedents from our State's highest criminal court.
* * *
¶21 For these reasons, I respectfully dissent.
FOOTNOTES
[1] Majority Op. ¶ 15 (footnote omitted).
[2] See Summ. Order at 1, State v. D.B., a/k/a D.A., No. CF-2008-0279 (McClain Cty. Dist. Ct. July 14, 2009); Journal Entry of Deferred Sentencing at 1, D.B., No. CF-2008-0279 (McClain Cty. Dist. Ct. July 24, 2009).
[3] Summ. Order, supra note 2, at 1; Journal Entry of Deferred Sentencing, supra note 2, at 1.
[4] Mot. to Accelerate J. & Sentencing at 1, D.B., No. CF-2008-0279 (McClain Cty. Dist. Ct. Feb. 18, 2011).
[5] Court Minute at 1, State v. D.A., No. CF-2011-0040 (McClain Cty. Dist. Ct. Oct. 1, 2013).
[6] State's Mot. to Close & Seal Drug Ct. File & Dispose of Criminal Case(s) at 1, State v. D.A., No. DC-2013-0019 (McClain Cty. Dist. Ct. filed May 22, 2015) ("WHEREFORE the State respectfully requests the Court enter its Order sealing Drug Court case number DC-13-19 pursuant to 22 O.S.[ § ]471.9 (B) .").
[7] Order of Dismissal at 1, D.A., No. DC-2013-0019 (McClain Cty. Dist. Ct. May 22, 2015) ("IT IS THEREFORE ORDERED that, pursuant to the plea agreement entered into between the State and the Defendant, as well as provisions of 22 O.S. § 471.9(A), this case is ordered dismissed upon payment of all associated court costs by Defendant."); Order at 1, D.A., No. DC-2013-0019 (McClain Cty. Dist. Ct. May 22, 2015) ("IT IS THEREFORE ORDERED that this file is to be sealed by the McClain County Court Clerk and is not to be opened except by Order of this Court. It is further ordered that a representative of the District Attorney's Office may have access to the sealed file without further order of this Court, pursuant to 22 O.S. § 471.9(B)."); Court Minute at 1, D.A., No. DC-2013-0019 (McClain Cty. Dist. Ct. May 22, 2015) ("The Court therefore releases the D[efendant] from the drug court program and orders D[efendant]'s file closed and sealed.").
[8] Court Minute at 1, D.A., No. CF-2011-0040 (McClain Cty. Dist. Ct. Feb. 16, 2017) ("Pursuant to 22 OS 991c case is hereby ordered expunged effective 2-16-17[.]").
[9] Court Minute at 1, D.A., No. CF-2008-0279 (McClain Cty. Dist. Ct. Apr. 7, 2017) ("Record ordered expunged in accordance w/ 22 O.S. 991(c) [sic][.]"); Court Minute at 1, D.A., No. CF-2008-0279 (McClain Cty. Dist. Ct. Feb. 16, 2017) ("Pursuant to 22 OS 991c case is hereby ordered expunged effective 2-16-2017[.]").
[10] Before filing her motion to expunge, D.A.'s counsel sought leave to inspect and to make copies of the sealed records in the two criminal case files. The trial court granted leave, but directed "the cases should be re-sealed pursuant to 22 O.S. 991c," -- again, evidencing the trial court's belief that the cases involved deferred judgment agreements. Summ. Order at 1, D.A., Nos. CF-2008-0279 & CF-2011-0040 (McClain Cty. Dist. Ct. July 10, 2017).
[11] Majority Op. ¶ 16; see also id. ¶¶ 14--15. See generally 22 O.S.Supp.2016 § 18(A)(7) ("A. Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories: . . . 7. The person was charged with one or more misdemeanor or felony crimes, all charges have been dismissed, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and the statute of limitations for refiling the charge or charges has expired or the prosecuting agency confirms that the charge or charges will not be refiled; provided, however, this category shall not apply to charges that have been dismissed following the completion of a deferred judgment or delayed sentence; . . . ." (emphasis added)).
[12] 22 O.S.Supp.2016 § 18(A).
[13] Id. § 18(A)(1)--(7).
[14] Id. § 18(A)(8)--(13). There is a final category--not relevant here--for the very rare subset of persons who have been arrested or charged for a crime by someone pretending to be them. Id. § 18(A)(14).
[15] Id. § 18(B)--(C).
[16] Id. § 18(D).
[17] The rare exception is that section 18 requires that records of those who had crimes committed in their names, falling under 22 O.S.Supp.2016 § 18(A)(14), also remain open to law enforcement.
[18] 22 O.S.Supp.2016 § 18(A)(9) ("A. Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories: . . . 9. The person was charged with a nonviolent felony offense, not listed in Section 571 of Title 57 of the Oklahoma Statutes, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and at least five (5) years have passed since the charge was dismissed; . . . ." (emphasis added)).
[19] Again, this makes perfect sense in light of the broader structure of section 18, subsection D in particular. Records expunged pursuant to subsection (A)(7) do not remain available to law enforcement. Why would they be? The person was never convicted of a crime and never admitted guilt of a crime. Records expunged pursuant to subsection (A)(9), however, do remain available to law enforcement, and for obvious reasons: law enforcement officers are often confronted with occasions where they need to know whether someone has a criminal history.
[20] Because D.A. was admitted into and successfully completed a drug court program, she entered a guilty plea to her drug charge. See Court Minute, supra note 8, at 1 (stating that the "Defendant [is] allowed to withdraw plea of 'Guilty'"). Section 471.2 of the Oklahoma Drug Court Act required her to enter a guilty plea in order to participate in the drug court program: "[T]he offender is required, before consideration in the [drug court] program, to enter a guilty plea as part of a written plea agreement." 22 O.S.Supp.2010 § 471.2(B)(4).
[21] Majority Op. ¶ 11.
[22] Id. (quoting 22 O.S.Supp.2016 § 471.9(B)).
[23] See, e.g., Looney v. State, 2002 OK CR 27, ¶¶ 15--16, 49 P.3d 761, 765 (discussing the distinction between the drug court case file and the original criminal case file and noting that "[t]he Drug Court judge also makes a determination as to what information or pleadings are to be retained in the Drug Court file, which is closed to public inspection. The originating criminal case file remains open to public inspection.").
[24] 22 O.S.Supp.2016 § 471.9(B).
[25] Id.
[26] Id. § 471.1(E) (emphasis added).
[27] The drug court certainly recognized the limited scope of the Oklahoma Drug Court Act's expunction provision, which is why it relied upon section 471.9(B) to expunge only the drug court case file, and not the criminal case files. See supra notes 6--7 and accompanying text.
[28] Black's Law Dictionary 971 (10th ed. 2014).
[29] 22 O.S.Supp.2010 § 471.6(D)(2); see also id. § 471.2(B)(4) ("[T]he offender is required, before consideration in the program, to enter a guilty plea as part of a written plea agreement.").
[30] This point is illustrated by the the relevant subsection's use of the similarly broad terms "misdemeanors" and "felonies." Did the Legislature need to list every specific misdemeanor and felony to communicate its intent, and amend the statute every time a new crime fits into one of these categories? Of course not. Moreover, the Legislature demonstrated that it knows how to place limitations on its broad categories when necessary. For example, while subsection (A)(7) refers to "misdemeanor or felony crimes" without any other limitations, subsection (A)(9) can only apply to a person "charged with a nonviolent felony offense, not listed in Section 571 of Title 57 of the Oklahoma Statutes . . . ." 22 O.S.Supp.2016 § 18(A)(9) (emphasis added). The Legislature did not place any limits on the categories "deferred judgments" and "delayed sentences," demonstrating its intent to encompass all scenarios that fit within them--including drug court dismissals. Furthermore, despite what the majority says, this conclusion is supported--not undermined--by the text of the Oklahoma Drug Court Act. That Act provides that the drug court case file be sealed once a defendant completes the drug court program, but that the district attorney nonetheless "shall have access to sealed drug court case files without a court order." 22 O.S.Supp.2016 § 471.9(B). The Legislature evidently considered it important that law enforcement have access to drug court records for a period of time following the dismissal of the criminal case. I can think of no reason why this shouldn't also be the case for the original criminal case files, and all textual indicators point to the Legislature intending that both remain open to law enforcement. See id. § 18(D) (giving law enforcement agencies access to criminal case files after successful completion of a deferred judgment or delayed sentence); id. § 471.9(B) (giving the district attorney access to the drug court case file).
[31] See generally Rule 1.2(D)(5), Rules of the Okla. Ct. Crim. App., 22 O.S.Supp.1998 ch.18, app.
[32] As this case demonstrates, the exact verbiage used to describe the scenario in which no judgment is entered and no sentence is imposed upon a person charged with a crime if they enter a plea and take probationary-type steps to avoid doing jail time varies. It has been called a "deferred judgment," a "deferred sentence," and a "delayed sentence." The particular verbiage used, however, is not as important as what the court is functionally describing, which is a "deferred judgment or delayed sentence" within the meaning of 22 O.S.Supp.2016 § 18.
[33] Hagar, 1999 OK CR 35, ¶ 12, 990 P.2d at 898.
[34] Id. ¶ 9, 990 P.2d at 898 (citing 22 O.S.1991 § 991c).
[35] Id. ¶ 12, 990 P.2d at 898.
[36] Looney, 2002 OK CR 27, ¶ 9, 49 P.3d at 763.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2002 OK CR 23, 48 P.3d 110, ALEXANDER v. STATE
Discussed
 2002 OK CR 27, 49 P.3d 761, LOONEY v. STATE
Discussed at Length
 2013 OK CR 18, 313 P.3d 274, TATE v. STATE
Discussed at Length
 2014 OK CR 13, 334 P.3d 948, SONNIER v. STATE
Discussed
 1999 OK CR 35, 990 P.2d 894, 70 OBJ 2766, Hagar v. State
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2003 OK 98, 82 P.3d 587, THE PENTAGON ACADEMY, INC. v. INDEP. SCHOOL DIST. NO. 1 OF TULSA COUNTY
Discussed
 2006 OK 99, 152 P.3d 875, STATE ex rel. OKLA. STATE DEPT. OF HEALTH v. ROBERTSON
Discussed
 2013 OK 18, 300 P.3d 1188, BERTRAND v. LAURA DESTER CENTER
Cited
 2017 OK 35, 394 P.3d 1251, BRISCO v. STATE ex rel. BD. OF REGENTS AGRICULTURAL AND MECHANICAL COLLEGES
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 472, Anna McBride Act
Discussed
 22 O.S. 991c, Deferred Sentence
Discussed at Length
 22 O.S. 18, Expungement of Criminal Records
Discussed at Length
 22 O.S. 19, Procedure for Sealing Records - Reimbursement of Fees
Discussed at Length
 22 O.S. 471, Short Title
Cited
 22 O.S. 471.1, Drug Court Programs
Discussed at Length
 22 O.S. 471.2, Drug Court Program Eligibility - Request
Discussed
 22 O.S. 471.6, Final Eligibility Hearing
Cited
 22 O.S. 471.7, Progress Reports and Periodic Reviews
Discussed at Length
 22 O.S. 471.9, Successful Completion of Drug Court Program
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA